# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10CR124-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SARENA A. MOBLEY, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Withdraw Guilty Plea" (Doc. 253) filed August 15, 2011 and Government's "Opposition to Motion to Withdraw Guilty Plea, Or, In the Alternative, For Psychological Evaluation" (Doc. 259) filed August 20, 2011. The Honorable Max O. Cogburn, Jr., United States District Judge, referred this matter to the undersigned.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for allowing withdrawal of Defendant's guilty plea, as discussed below, and will **DENY** Defendant's Motion to Withdraw Guilty Plea.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 15, 2010, Defendant was indicted for her participation in a multi-million dollar mortgage fraud conspiracy. The Government charged that she received a $200,000 hidden kickback. Trial was originally scheduled for September 7, 2010. Doc. 86. On August 19, 2010, Defendant moved to continue the trial date without opposition. Doc. 98. On October 21, 2010, the Court continued the trial date again. The Court was aware that the parties intended to agree on a proposed peremptory setting, and entered a text order directing them to do so. On October 29, 2010, the Government and Defendant jointly moved for a peremptory trial setting. Doc. 114. On January, 3,

2011, with the consent of all parties, the Court orally ordered a peremptory trial date of February 7, 2011. Defendant's plea deadline was January 12, 2011.

On January 11, 2011, defense counsel informed the Government that Defendant intended to plead guilty, and the parties informed the Court. On or about January 14, 2011, Defendant retained attorney Charles Agege to represent her. On January 18, 2011, attorney Reggie McKnight moved to withdraw as counsel. Doc. 138. On January 19, 2011, the Government moved for a hearing on the motion to withdraw, noting that trial was less than three weeks away. The Government also pointed to the presence of out-of-state witnesses, and the potential impact on the schedules of both the Court and the Government. Doc. 139. On or about January 20, 2011, Defendant also retained attorney Mark Foster.

On January 21, 2011, the Honorable Frank D. Whitney, United States District Judge, held a hearing on the motion to withdraw. Judge Whitney noted the disruption and potential prejudice that would result from having the trial continued. Judge Whitney denied Mr. McKnight's motion to withdraw, and ordered the trial to begin February 10, 2011. At new counsel's request, the Government extended Defendant's plea deadline.

On January 27, 2011, Defendant and Mr. Agege signed the plea agreement. The plea agreement provided in paragraph 1 that Defendant "admit[ted] to being in fact guilty as charged" in Count One. Doc. 147 at ¶1. In paragraph 2, Defendant agreed that "the defendant will not be . . . allowed to withdraw the guilty plea." Id. at ¶2. In paragraph 15, Defendant stipulated that she was "aware that the law provides certain limited rights to withdraw a plea of guilty, ha[d] discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Magistrate Judge has accepted it." Id. at ¶15.

On January 31, 2011, Defendant appeared with attorneys Charles Agege, Mark Foster, and Reggie McKnight to enter her plea of guilty. She initially indicated that she was reluctant to enter her plea, and the hearing was adjourned. Doc. 168 at 4. Defendant then asked for the hearing to be resumed to allow her to enter her guilty plea. The Court did so, and Defendant appeared before the Honorable David C. Keesler, United States Magistrate Judge, that afternoon. Judge Keesler conducted the plea hearing and found Defendant's plea to be knowingly and voluntarily made and accepted her plea. Doc. 148.

On August 15, 2011, twenty-eight weeks after entering her guilty plea, Defendant filed the instant Motion. Defendant contends that her "guilty plea was not voluntarily made but was instead the result of her being under the influence of the side-effects of prescription drugs, which may have affected her mental capacity to enter into the guilty plea." Doc. 253 at 2. In addition, Defendant "adamantly asserts her innocence." Id. at 3.

## II. DISCUSSION

Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on Defendant to show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d). In determining whether a defendant has met this burden, the Fourth Circuit has set forth six non-exclusive factors for district courts to consider:

(1) the existence of credible evidence that the plea was not knowing and voluntary;

(2) credible assertions by the defendant of his legal innocence;

(3) any delay between the entry of the plea and the motion to withdraw;

(4) the assistance of competent counsel in connection with the plea;

(5) whether the withdrawal would cause prejudice to the government; and

(6) whether withdrawal would inconvenience the Court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

While each of the Moore factors should be considered, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," because whether a plea was both counseled and voluntary is ordinarily dispositive. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). Once a guilty plea is entered, there is "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

The Court finds that Defendant has not provided credible evidence that her plea was not knowing and voluntary. The Court is entitled to rely heavily on the representations that Defendant made at her Rule 11 hearing about the voluntariness of her plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The simple fact that Defendant may regret her decision to plead guilty is not a basis for withdrawal of that plea. See United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003) (rejecting effort by defendant "to second guess his guilty plea"); United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995) ("The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom.").

Reviewing the plea colloquy conducted by Judge Keesler, it is clear to the Court that Defendant's plea was knowing and voluntary. Before proceeding with the plea hearing, Defendant stated that she understood that she was under oath and required to give truthful answers to the questions propounded to her. Doc. 168 at 7. The Court conducted a much more detailed plea colloquy than the one traditionally followed in this district. On the issue of medication now raised by Defendant, the Court's inquiry was especially searching:

    COURT:               Are you now under the influence of alcohol, medicines or

|  |  |
|---|---|
|  | drugs of any kind? |
| DEFENDANT: | No. The normal medications I take. |
| COURT: | Okay. Well, Mr. Agege, the reason I ask this question, of course, is I need to determine that she has a clear mind and that she's making a knowing and voluntary choice today. |
| MR. AGEGE: | Yes, Your Honor. |
| COURT: | You know, a lot of us take medications of various sorts and that's all well and good. I just need to make sure that she has a clear head today. Do you want to make any comment on that one way or the other? |
| MR. AGEGE: | Yes. I think, Ms. Mobley, the question really is recognizing the fact that you're taking those medications, are you in a position to clearly understand and follow what is going on in court today? |
| DEFENDANT: | Yes. |
| COURT: | Okay. All right. Mr. Agege, are you familiar with the medications that she's taking? |
| MR. AGEGE: | Yes, Your Honor. Just anti-depressant medications, Your Honor. |
| COURT: | All right. In your view, does that interfere with her ability to understand these proceedings? |
| MR. AGEGE: | No, Your Honor. |
| COURT: | Okay. Thank you very much. So Ms. Mobley, is your mind clear today and do you understand you're here to enter a guilty plea that cannot later be withdrawn? |
| DEFENDANT: | Yes. |

Id. at 8-9. Defendant swore that she fully understood the charge she was pleading to, including the maximum penalty it carried. Id. at 10.

Throughout the proceeding Defendant showed that she was fully engaged and mentally alert. Indeed, when asked whether she had been advised of the potential immigration consequences

5

of her plea, Defendant quickly responded, "That's the first I've heard of that. But I am a citizen," showing that Defendant both understood the question and could quickly reason as to why it was not a concern for her. Id. at 11. When the Court followed up later on the same subject, Defendant responded that "I understand it perfectly. I'm born and raised right here." Id. Defendant's answers throughout the proceeding showed similar mental agility.

When the Court sensed that Defendant was unhappy with her situation, it went to great lengths to ensure that her guilty plea was knowing and voluntary. For example, when Defendant paused before answering "yes," to the question, "[a]re you guilty of the charges contained in count one," the Court undertook a further inquiry.

| | |
|---|---|
| COURT: | Are you guilty of the charges contained in count one? |
| (Pause.) | |
| DEFENDANT: | Yes. |
| COURT: | Well, Mr. Agege, I sense that you have talked with her at some length about all this. |
| MR. AGEGE: | Yes, Your Honor, we did. |
| COURT: | This is obviously a big moment in the case. This is an important decision and she needs to make a knowing and voluntary choice. Doesn't mean she has to like it, but it does mean that she has to make an affirmative choice to either do this or not do it. |
| MR. AGEGE: | Yes. |
| COURT: | Do you want to talk with her further about this or -- do you believe that that's what she wants to do? |
| MR. AGEGE: | I believe that's what she wants to do at this point, sir. |
| COURT: | All right. And Ms. Mobley, you understand you have a choice to plead guilty or not guilty, right? |

| | | |
|---|---|---|
| DEFENDANT: | | Yes, but I know that they already have all these criminals lined up against me so I have no other choice. So I'm saying yes, I'm ready to go. I want to get it over with. My life is already ruined. |
| COURT: | | All right. Well, what I propose to do is to continue and then I'll probably add some questions at the end just to make sure we're all on the same page. |

Id. at 14-15. Defendant expressed unhappiness and a belief that her life was "ruined," as well as an understanding of some of the evidence against her in the form of co-conspirator testimony. She never displayed the slightest hint of diminished capacity. At the conclusion of the hearing, the Court again undertook a careful inquiry to ensure that Defendant's plea was knowingly and voluntarily entered.

| | | |
|---|---|---|
| COURT: | | Have you heard and understood all parts of this proceeding and do you still wish to plead guilty? |
| DEFENDANT: | | Yes. |
| COURT: | | Do you have any questions or statements you'd like to make at this time? |
| DEFENDANT: | | No. |
| COURT: | | Before I ask your lawyer a concluding question or two, Ms. Mobley, I'm going to ask you just a couple more summary types of questions here. |
| | | You were, for the record, somewhat hesitant when I asked you earlier if you were in fact guilty of the charge contained in count one so I just want to make sure that the record is clear about what your intentions are today. Do you believe you understand the charge contained in count one which is conspiracy to commit mortgage fraud? |
| DEFENDANT: | | Yes. |
| COURT: | | Have you been over that charge carefully with your lawyer? |
| DEFENDANT: | | Yes. |

| | |
|---|---|
| COURT: | And do you understand that the purpose of this proceeding is to accept, if it's appropriate, your knowing and voluntary plea of guilty to count one which is that conspiracy to commit mortgage fraud charge? Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | And the charge that you'd be pleading guilty today is in fact the charge that we briefly went over earlier during this proceeding. Mr. Meyers was kind enough to briefly summarize what the charge was and provide information about the maximum penalty that applies. Do you remember that? |
| DEFENDANT: | Yes. |
| COURT: | And I assume that you've gone over that charge in some detail over these past weeks and months with your lawyers; is that right? |
| DEFENDANT: | Yes. |
| COURT: | Now, you're offering your plea today pursuant to the terms of the plea agreement which we also reviewed here. Have you been over this document carefully with your lawyer? |
| DEFENDANT: | Yes. |
| COURT: | Do you believe you understand it? |
| DEFENDANT: | Yes. |
| COURT: | And do you understand that it calls for a plea of guilty by you to count one in the bill of indictment and sets forth the -- I guess the components of your agreement with the government? |
| DEFENDANT: | Yes. |
| COURT: | Okay. Now, obviously, it's a big decision that you are making here and these things are never easy. I've been doing this 6-1/2 years and I've watched this proceeding a lot of times. But what is important is that the record be clear that this is a knowing and voluntary choice by you. Do you understand that? |
| DEFENDANT: | Yes. |
| COURT: | Do you understand that? |

| | | |
|---|---|---|
| DEFENDANT: | Yes. | |
| COURT: | Okay. So it's one thing to be sort of hesitant, nervous, unhappy, disappointed. Any of that is okay. But not wanting to do it is another thing entirely. Do you understand the difference? | |
| DEFENDANT: | Yes. | |
| COURT: | All right. Do you want me to accept this guilty plea today? | |
| DEFENDANT: | Yes. | |

Id. at 21-24. Defendant reaffirmed, under oath, the voluntary and knowing nature of her plea, and that she wanted the Court to accept her plea. Mr. Agege confirmed that it was his belief that she wished to enter a guilty plea, and he was not contradicted by Defendant's other lawyers. Id. at 24. Defendant then reaffirmed her answers a third time by reviewing them and signing the transcript containing her answers that her "mind was clear," that she was not "under the influence" of any drugs or medicines, and that she was in fact guilty of count one. Doc. 148 at 1, 3.

The Court made its findings clear, holding that: "based on the representations and answers given both by the defendant and her counsel in this proceeding, the court does find that the defendant's plea of guilty is knowingly and voluntarily made, and that the defendant understands the charges, potential penalties, and consequences of her plea. Accordingly, Ms. Mobley's plea of guilty is hereby accepted." Id. at 26.

Defendant presents no evidence to contradict her sworn statements at the plea hearing. Dr. Delaney Smith's affidavit provides no support for Defendant's Motion. Dr. Smith has no knowledge of what medications Defendant was taking prior to her plea hearing. He simply states the potential effects such medications might have if taken together. Dr. Smith does not contradict Defendant's sworn statement that she was not under the influence, but just on "normal" medications (which

9

counsel clarified were anti-depressants only), and that her mind was clear. Dr. Smith's conclusion (assuming Defendant was in fact taking all such medications) is merely that Defendant may have suffered from what he terms "disinhibition." "Disinhibition" is simply "loss or reduction of an inhibition," which does not contradict her sworn statements at the plea hearing.

The question is not whether Defendant was less inhibited than she might otherwise have been, but whether she understood the proceedings and could enter a knowing and voluntary plea. The Fourth Circuit has held that "it would be necessary for [the defendant] to demonstrate that his mental faculties were so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." United States v. Truglio, 493 F.2d 574, 578-79 (4th Cir. 1974). Even if Defendant were "disinhibited," this would not make her "so impaired by drugs when [s]he pleaded that [s]he was incapable of full understanding and appreciation of the charges against h[er], of comprehending h[er] constitutional rights and of realizing the consequences of h[er] plea." Id. Rather, Defendant's clear demonstration of mental acuity during the plea hearing, along with her sworn answers, demonstrate that her plea was knowingly and voluntarily entered, as the Court found. The Court's careful inquiry, set forth above, shows that there is no question that Defendant knew what she was doing.

With respect to the second factor concerning a claim of legal innocence, Defendant "adamantly asserts her innocence" but offers no further explanation nor points to any evidence to support this claim. Doc. 253 at 3. "[A] defendant's bare allegation of innocence does not, without more, satisfy the second Moore factor." United States v. O'Neil, 352 Fed. Appx. 859, 866 (4th Cir. 2009). A defendant "must do more than just demonstrate that [she] had a bona fide belief that [her] actions were lawful." United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995). Rather, a

10

defendant must "show that such a belief would translate into a credible assertion of legal innocence." Id. Therefore, the Court finds there is no credible assertion of legal innocence.

With respect to the third factor concerning the delay between the entry of the plea and the motion to withdraw, Defendant entered her plea on January 31, 2011. Defendant delayed filing this Motion until August 15, 2011, twenty-eight (28) weeks after the entry of her guilty plea. Defendant asserts that the delay was caused by the need to obtain her medical records and declarations from her treating physicians in support of this Motion. However, the affidavit attached to her Motion from Dr. Smith states that he was engaged on August 11, 2011. The Court finds that this delay is substantial. See United States v. Wells, No. 94-5666, 1996 WL 174631, at *5 (4th Cir. April 12, 1996) (holding that "a delay of over fifteen weeks" between entry of a guilty plea and a motion to withdraw the plea was "a substantial delay" supporting denial of the motion).

With respect to the fourth factor concerning the assistance of competent counsel in connection with the plea, Defendant concedes that "there is no indication that Defendant did not have assistance by competent counsel at the time of entry of plea." Doc. 253 at 4.

With regard to the fifth and six factors concerning prejudice to the Government, inconvenience to the Court and wasting judicial resources, the Court finds that the Assitant U.S. Attorney assigned to this case is preparing for another complex trial in October and there is no other Assistant assigned to this case. The discovery contains hundreds of thousands of pages, making it impracticable for another prosecutor to get up to speed. Thus, allowing Defendant to withdraw her guilty plea would prejudice the Government. See United States v. Sparks, 67 F.3d 1145, 1154 n.5 (4th Cir. 1996) (holding that "withdrawal of a guilty plea almost invariably prejudices the government to some extent and wastes judicial resources"). Additionally, withdrawal of

Defendant's guilty plea will inconvenience the Court and waste judicial resources because the presence report has been completed and the Court is ready to proceed with sentencing.

Based on the above analysis, the Court finds that there is no basis for allowing withdrawal of Defendant's guilty plea. IT IS, THEREFORE, ORDERED that Defendant's "Motion to Withdraw Guilty Plea" (Doc. 253) filed August 15, 2011 is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED.**

Signed: August 30, 2011

David S. Cayer
United States Magistrate Judge